UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TRI TRONG HUYNH,<br><br>         Petitioner,<br><br>         v.<br><br>FRED FOULK, Warden,<br><br>         Respondent. | No. SA CV 16-0812 RGK (DFM)<br><br>ORDER TO SHOW CAUSE |

**A.** <u>Background</u>

On April 29, 2016, Petitioner Tri Trong Huynh filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1 ("Petition"). The Petition challenges Petitioner's June 22, 2010 street terrorism and murder convictions, with the special circumstance of committing murder for a criminal street gang. <u>Id.</u> at 2.[1]

**B.** <u>The Petition is Facially Untimely</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ

---

[1] All citations to the Petition are to the CM/ECF pagination.

of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the California Supreme Court denied Petitioner's petition for review on August 15, 2012. Petition at 3. Petitioner does not appear to have filed a petition for writ of certiorari in the U.S. Supreme Court. Therefore, his conviction became final 90 days later, on November 13, 2012. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner then had one year from the date his judgment became final on November 13, 2012, until November 13, 2013, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until April 29, 2016, over two years after the limitations period appears to have expired.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims at the time of his trial in 2011. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th

Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

### C. It Is Unclear Whether Petitioner Is Entitled to Sufficient Statutory Tolling to Make the Petition Timely

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

As noted above, Petitioner's conviction became final on November 13, 2012. Although the Petition tells this Court about a state habeas petition filed with the Orange County Superior Court, the Petition does not disclose when that Petition was filed. See Petition at 4.[2] Petitioner does allege that the Superior Court held three evidentiary hearings between September 15, 2015 and November 20, 2015, and issued its decision on September 15, 2015.[3] Id. Petitioner also does not disclose when his petitions to the California Court of

---

[2] The Petition was submitted on an outdated form; the current version of CV-69 Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) expressly requires such information. The current form is available on the Court's website.

[3] These dates are somewhat confusing, as presumably no hearings would have taken place after the decision date.

Appeal and California Supreme Court were filed, although such information is available to the Court on the California Appellate Courts Case Information website. But without knowing when Petitioner filed his state habeas petitions—and most critically when he filed his petition in the Orange County Superior Court—the Court cannot determine whether Petitioner is entitled to statutory tolling, and how much.

### D. Petitioner Does Not Appear to Be Entitled to Any Equitable Tolling

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege any circumstances that would establish a right to equitable tolling.

### E. Conclusion

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is apparent on the face of the petition and to summarily dismiss a petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///
///
///
///
///
///

IT THEREFORE IS ORDERED that, on or before May 27, 2016, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness. At a minimum, Petitioner should provide the Court with a filing containing the dates that each of Petitioner's state habeas petitions was filed, either through the filing of a First Amended Petition on the current form or otherwise. If the dates of Petitioner's state habeas petition do not provide a basis for sufficient statutory tolling to render the Petition timely under AEDPA, Petitioner should also address why the Petition should not be dismissed as untimely.

Dated: May 12, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge